IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INEABELLE CINTRÓN-CABRERA,

    Plaintiff,

        v.

COOPERATIVA DE SEGUROS DE VIDA
DE PUERTO RICO, INC.,

    Defendant.

CIVIL NO. 12-1330 (MEL)

**OPINION AND ORDER**

On June 26, 2012, the court entered a Scheduling Order / Case Management Order, setting August 16, 2013, as the deadline for motions for summary judgment. See ECF No. 7, at 22. On September 14, 2012, an Initial Scheduling Conference ("ISC") was held in the instant case. See ECF No. 14. Counsel from both parties were present. The deadline to file motions for summary judgment was advanced for June 3, 2013. The minute entry for the ISC specifies that "[t]he parties shall not amend these deadlines without prior leave from the court." Id. at 2.

On August 16, 2013, defendant filed a motion for extension of time until August 19, 2013, to file a motion for summary judgment, erroneously citing August 16, 2013, as the deadline for the same. ECF No. 15. The motion was denied, as the deadline expired on June 3, 2013, and no extension had been timely requested. ECF No. 16. The same day, defendant filed a motion for reconsideration under Rule 60(b)(1) of the Federal Rules of Civil Procedure, contending that its failure to comply with the applicable deadline constituted "mistake, inadvertence or excusable neglect." ECF No. 17, ¶ 5. A response in opposition and a reply have been filed. ECF Nos. 18; 21.

Relief under Rule 60(b)(1) "is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). "A party seeking relief under Rule 60(b) must demonstrate … 'that exceptional circumstances exist, favoring extraordinary relief ….'" Id. (quoting Karak, 288 F.3d at 19). Neither "confusion over filing dates" nor "busyness" constitutes "excusable neglect" for purposes of Rule 60(b)(1). Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 101 (1st Cir. 2003) (finding "no abuse of discretion in the district court's decision refusing to allow [plaintiff] to belatedly oppose the defendants' motion for summary judgment"); see also U.S. for Use & Benefit of Elec. Mach. Enterprises of Puerto Rico, Inc. v. Fraya, S.E., 170 F.R.D. 346, 349 (D.P.R. 1997) (holding that plaintiff's "delay in seeking an extension to oppose [a] motion for summary judgment" was not "excusable neglect under Rule 60(b)(1)" because "[t]he ability to manage multiple cases simultaneously, to comply with numerous filing dates, and to manage a secretarial and administrative staff in accordance with good personnel practices, is key to exercising the profession of attorney.").

Defendant contends that it is not "request[ing] continuance of the trial." ECF No. 21, ¶ 4. Nevertheless, that is the necessary implication of a request to file a motion for summary judgment at this juncture. Assuming that defendant filed its motion for summary judgment on the date of the deadline it requested, August 19, 2013; that plaintiff filed its response in opposition and, if applicable, its own statement of facts after the applicable seventeen-day period, September 5, 2013; and that defendant would have filed its response to plaintiff's statement of facts on September 12, 2013, even if no extension is requested by either party, this allows the court only three and a half weeks before the pretrial and settlement conference—currently set for October 7, 2013—to rule on the motion.

Trial judges retain "formidable case-management authority," including over "setting deadlines for the filing of pretrial motions." Rosario-Díaz v. González, 140 F.3d 312, 315 (1st Cir. 1998). "[A] litigant who ignores a case-management deadline does so at his peril." Id. (internal citation omitted); see also The Shell Co. (Puerto Rico) Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 24–25 (1st Cir. 2010) (holding that "[t]here was no abuse of discretion in denying" defendant's untimely motion for summary judgment); Fraya, S.E., 170 F.R.D. at 349 (denying plaintiff's motion for relief from judgment, where the court had granted defendants' motion for summary judgment after plaintiff requested an extension of time four days after expiration of deadline to oppose).

In this case, the deadline for motions for summary judgment expired on June 3, 2013. Defendant's request for extension of time until August 19, 2013, would shift the deadline by approximately two and a half months. In light of the fact that defendant has not demonstrated the existence of exceptional circumstances favoring extraordinary relief, the length of the requested extension, and the proximity of trial, the pending motion for reconsideration (ECF No. 17) is hereby **DENIED**. See ECF No. 25 in Vélez v. Cooperativa de Seguros de Vida de Puerto Rico et al., Civ. No. 07-2158 (JAG) (D.P.R. Apr. 27, 2009) (denying motion for summary judgment, filed by same defendant and law firm as in the case of caption, as untimely where filed two months after deadline), reconsideration denied, ECF No. 29 (D.P.R. May 4, 2009); see also P.L. Services v. CICA Collection Agency, Inc., Civ. No. 07-1883 (CCC) (D.P.R. Nov. 14, 2008) (striking motion to dismiss as untimely where filed almost two months after deadline).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of September, 2013.

s/Marcos E. López
U.S. Magistrate Judge