IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INEABELLE CINTRÓN CABRERA, et al.,

    Plaintiff,

        v.                              CIVIL NO. 12-1330 (MEL)

COOPERATIVA DE SEGUROS DE VIDA
DE PUERTO RICO, INC.,

    Defendant.

**OPINION AND ORDER**

    Pending before the court is a motion *in limine* filed by defendant Cooperativa de Seguros de Vida de Puerto Rico ("defendant" or "COSVI"), plaintiff Ineabelle Cintrón Cabrarea's ("plaintiff" or "Cintrón") response in opposition, and defendant's reply to the opposition. ECF Nos. 28; 34; 40. Defendant seeks the exclusion of: (1) the use of Miguel Rosado, Ricardo Rivera, and Stuart Ramos[1] as witnesses under Rule 26 of the Federal Rules of Civil Procedure, and on grounds that it would be unfairly prejudicial under Rule 403 of the Federal Rules of Evidence ("FRE"); (2) any testimony regarding the contention that "[d]uring the years prior to [plaintiff]'s termination [defendant] implemented a pattern and practice of dismissing employees in key positions at the [c]ompany that had seniority within the company and which were in the protected class of over 40 years old…," on lack of personal knowledge and hearsay grounds, under Rules 402, 602, 801, and 802 of the FRE; (3) any documentary evidence or testimony regarding any alleged request from plaintiff to defendant's Human Resources Director, Ms.

---

[1] Plaintiff has voluntarily requested the removal of Stuart Ramos's name from her list of witness, therefore the court will not consider the potential admissibility of his testimony in this opinion and order. See ECF No. 34, at 1.

Evelyn Burgos ("Ms. Burgos") for a reason behind her dismissal and the alleged reply provided by Ms. Burgos that she did not have any answer for her, on grounds that such testimony is irrelevant and would be unduly prejudicial, under Rules 401, 402, and 403 of the FRE; (4) any documentary evidence or testimony regarding plaintiff's request for benefits from the Department of Labor Bureau of Unemployment and/or any reasons provided by defendant, on grounds that it is irrelevant, that plaintiff lacks personal knowledge, and that such testimony would be inadmissible hearsay, under Rules 401, 402, 403, 602, 801, and 802 of the FRE; and (5) any testimony regarding the male and younger employee that held plaintiff's last position at COSVI prior to her holding the position and allegedly received better treatment than plaintiff insofar as he was not dismissed from his position and his performance was comparable to plaintiff's during the ten months she worked as an Investment Accountant, on grounds that it is irrelevant, that plaintiff lacks personal knowledge, and that such testimony would be inadmissible hearsay, under Rules 401, 402, 403, 602, 801, and 802.

Upon review of the Motion in Limine, the Response in Opposition, and the Reply, the Court GRANTS IN PART and DENIES IN PART as follows:

1. Defendant's first request is hereby GRANTED with respect to Miguel Rosado ("Mr. Rosado") and DENIED with respect to Ricardo Rivera ("Mr. Rivera"). Plaintiff did not provide sufficient notice to defendant of its intended use of Mr. Rosado as a witness in this case. Plaintiff failed to include Mr. Rosado's name from its initial disclosures under Fed.R.Civ.Pro. 26 ("Rule 26"), and subsequently failed to announce Mr. Rosado in the Joint Case Management Memorandum (ECF No. 13) or at any point prior to the Proposed Pretrial Order (ECF No. 27). The use of Mr. Rosado as a witness on such limited notice would unduly prejudice defendant; therefore, the court grants defendant's request to exclude him as a witness in this case. With

regard to Mr. Rivera, however, defendant was put on notice of his potential use as a witness in this case via the inclusion of his name in plaintiff's initial disclosures under Rule 26. The fact that plaintiff subsequently did not include his name in the Joint Case Management Memorandum (ECF No. 13) is insufficient to unduly prejudice defendant if Mr. Rivera is permitted to testify. Given the inclusion of Mr. Rivera's name in plaintiff's initial disclosures and in the Proposed Pretrial Order, the court shall allow him to testify as a witness at trial.

2. The motion *in limine* regarding defendant's second request for exclusion is hereby GRANTED. Plaintiff has failed to establish a foundation of personal knowledge for the conclusory statement that a pattern and practice of age discrimination existed at COSVI, or that her own dismissal was a part of such an alleged pattern and practice of discrimination. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. Plaintiff has only identified two individuals—Carmen Osorio and Miguel Rosado—about whom she has personal knowledge to support her allegation of a pattern and practice of age discrimination. See ECF Nos. 28-1, at 3; 34, at 4. As a matter of law, this is insufficient to sustain a claim of a pattern and practice of discrimination. See e.g., Jensen v. Frank, 912 F.2d 517, 523 (1st Cir.1990) ("[a] single instance of favoritism, even if proved, falls considerably short of showing an ongoing pattern and practice"); Pitre v. Western Electric Co., 843 F.2d 1262, 1267 (10th Cir.1988) (quoting International Broth. of Teamsters v. U.S., 431 U.S. 324, 333 & n. 16, 97 S.Ct. 1843, 1853 n. 16, 52 L.Ed.2d 396 (1977)) ("In order to prove a pattern or practice of discrimination, a plaintiff must show more than accidental or sporadic incidents of discrimination; she must show that 'discrimination was the company's standard operating procedure—the regular rather than the

unusual practice.' "); Ste. Marie v. Eastern R. Asso., 650 F.2d 395, 406 (2d Cir.1981) (two individual acts of discrimination insufficient to prove a practice of discrimination).

With regard to any additional individuals about whom plaintiff lacks personal knowledge, plaintiff's testimony would necessarily be inadmissible hearsay or lay opinion testimony. Because plaintiff has failed to introduce evidence to support a finding that she has personal knowledge regarding more than two individual instances of alleged discrimination, she has failed to establish that she has sufficient knowledge under Rule 602 to testify about a pattern and practice of discrimination. Therefore, her testimony regarding a pattern and practice of discrimination at COSVI will not be admitted at trial.

**3.** The motion *in limine* regarding defendant's third request for exclusion is hereby DENIED. Relevant evidence "means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401 (emphasis added). While "[t]he First Circuit has made clear that inherently ambiguous statements do not qualify as direct evidence" of discrimination, the Supreme Court has also made clear that plaintiffs are not limited to the use of direct evidence in Title VII cases, and may use circumstantial evidence to prove their discrimination claims. Diaz Diaz v. Crowley Liner Services, Inc., 281 F. Supp. 2d 340, 349 (D.P.R. 2003) (citing Weston-Smith v. Cooley Dickenson Hosp., Inc., 282 F.3d 60, 66 (1st Cir. 2002) (holding that silence of a supervisor after being accused by plaintiff that he had made statement to a third person, that plaintiff was laid off because of her maternity leave, does not constitute direct evidence of discrimination)); see also Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003) ("We have often acknowledged the utility of circumstantial evidence in discrimination cases. For instance, in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S.

133, 120 (2000), we recognized that evidence that a defendant's explanation for an employment practice is 'unworthy of credence' is 'one form of *circumstantial evidence* that is probative of intentional discrimination.'") (emphasis added by Supreme Court). Plaintiff's testimony regarding her request for a reason for her dismissal from the Human Resources Director, Ms. Burgos, and the alleged response from Ms. Burgos that she did not have an answer for plaintiff is relevant insofar as it has a probative value, however small, to suggest that defendant's proferred reason for her termination was pretextual, by implying that defendant was hiding the true reason for her dismissal. Furthermore, this testimony and its implications are not unfairly prejudicial under Rule 403, such that they would "trigger[ ] the mainsprings of human action in such a way as to cause the jury to base its decision on something other than the established proposition in the case…." United States v. Currier, 836 F.2d 11, 18 (1st Cir. 1987). Overall, the probative value of this testimony is not substantially outweighed by the danger of detrimental effects, therefore defendant's motion to exclude this testimony on Rule 403 grounds is denied.[2]

**4.** The motion *in limine* regarding defendant's fourth request for exclusion is hereby GRANTED. Plaintiff seeks to testify regarding her request for benefits from the Department of Labor Bureau of Unemployment (the "Department") and COSVI's alleged failure to provide a reason in for her termination in response to the Department's inquiry. Her testimony regarding the Department's alleged inquiry would indeed be hearsay as defined in Rule 801 of the FRE. It is an out-of-court statement that would be offered as evidence to prove the truth of the matter asserted—that the department solicited information from COSVI regarding her employment, and

---

[2] In its opposition to defendant's motion *in limine*, plaintiff responds to defendant's third request for exclusion stating that "[w]hatever Ms. Burgos answered to [p]laintiff is clearly not hearsay and is admissible evidence. Fed.R.Evid. 801(d)(2)(A) states that admissions by a party opponent are not hearsay if the statement is offered against the party and it is the party's own statement, in either an individual or a representative capacity." See ECF No. 34, at 4-5. Defendant does not raise hearsay as a ground for exclusion of the conversation between plaintiff and Ms. Burgos, which it seeks to exclude via its third request for exclusion. See ECF No. 28, at 6-9. Thus, at this juncture of the proceedings, no ruling is made on the admissibility of the statement on hearsay grounds.

COSVI failed to respond to said inquiry. Any potential relevance that COSVI's failure to provide a rationale for plaintiff's termination to the Department could have depends on the premise that the Department inquired about said information from COSVI. She has not announced any documents related to the alleged inquiry that could potentially qualify for an exception to the general rule against hearsay under the FRE. See ECF No. 27. Any reference in plaintiff's testimony to the Department's alleged inquiry would be based on inadmissible hearsay under Rule 802. Therefore, plaintiff's testamentary evidence[3] regarding the inquiry and COSVI's lack of response will not be admitted at trial.

**5.** The motion *in limine* regarding defendant's fifth request for exclusion is hereby GRANTED. Plaintiff has not established an adequate foundation of personal knowledge regarding her predecessor's job performance or treatment by COSVI to qualify her to testify that he received better treatment than she did, insofar as his performance in the Investment Accountant position was comparable to her own and he was not dismissed from the position. The sole source of knowledge to which plaintiff points regarding these allegations is "the status of the investment accounting department when she replaced the younger male employee that held the Investment Accountant position prior to her and the manner in which she dealt with such status." ECF No. 34, at 5. Any theoretical connection between her knowledge of the status of the investment accounting department and her predecessor's job performance is Cintrón's own conjecture—a myriad of other variables unrelated to his performance could exist to explain the state of affairs she allegedly encountered upon assuming her position. It falls short of meeting the threshold necessary to permit her to testify on the matter, as "the requisite personal

---

[3] In its fourth request for exclusion in its motion *in limine*, defendant also seeks to exclude "any documentary evidence" related to the alleged inquiry. See ECF No. 28, at 9. According to the Proposed Pretrial Order, however, plaintiff does not seek to admit any documentary evidence related to this point. See ECF No. 27, at 65. Therefore, the court finds as moot the portion of defendant's request seeking to exclude such documentary evidence.

knowledge must concern *facts* as opposed to conclusions, assumptions, or surmise." Pérez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001) (emphasis added and citation omitted); see also United States v. Meises, 645 F.3d 5, 18 (1st Cir. 2011) (noting that "it is beyond debate that the testimony was wrongly admitted" because, *inter alia*, the witness "lacked a foundation of personal knowledge of facts essential to his opinion…").  Furthermore, the manner in which she dealt with said state of affairs has no bearing whatsoever on how her predecessor performed in the Investment Accounting position.  Therefore, the evidence plaintiff points to is not "sufficient to support a finding that [she] has personal knowledge of the matter" about which she seeks to testify.  Fed.R.Evid. 602.

Plaintiff also indicated in her response to defendant's motion *in limine* that Mr. Rosado's testimony "will provide a clear understanding of the performance of both, [Cintrón] and the younger male employee that preceded her."  Id.  This argument is moot pursuant to the court's ruling on defendant's motion to exclude the use of Mr. Rosado as a witness in this case.  Even if he were permitted to testify, however, the content of his hypothetical future testimony would be irrelevant for the purpose of showing, at this juncture, that plaintiff has a foundation of personal knowledge regarding the job performance of her predecessor as compared to her own job performance.  She has not referenced any additional facts which she claims to know personally that establish a basis for her knowledge about their comparative performance in the Investment Accounting position.  Therefore, the court finds she lacks personal knowledge pursuant to Rule 602 and any testimony from plaintiff herself to that effect would be inadmissible hearsay or lay opinion testimony.

IT IS SO ORDERED.

7

In San Juan, Puerto Rico, this 11th day of October, 2013.

                                                s/Marcos E. López
                                                U.S. Magistrate Judge